* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives, the Full Commission affirms with minor modifications, the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner, Plaintiff was 37 years old. His past employment consists of different types of construction work such as carpentry, insulating, and hanging sheetrock. On February 5, 2003, Plaintiff was one of three or more employees working for Defendant.
2. On February 5, 2003, Defendant employed Plaintiff as a worker on a renovation job with Robeson County Public Schools. Plaintiff's job on the day of the injury was lifting various steel beams up on to pillars in the crawl space in order to support the floor system that had deteriorated.
3. On February 5, 2003, Plaintiff and three other employees were lifting a steel beam into place when it began to fall. Plaintiff caught the beam and the weight of it took him down to the ground. The testimony established that the beams varied in size and length and could weigh between 200 and 300 pounds.
4. Plaintiff suffered a compensable injury by accident to his back when he caught the weight of a beam as the end of it fell from the pillar in which it had been placed, causing Plaintiff to bear all the weight. Plaintiff's testimony on how his injury occurred is found to be credible.
5. Plaintiff was an employee of Defendant at the time of his injury and not an independent contractor in that:
 (a) Plaintiff is not in an independent business, calling, or operation which could be discerned by a business card, business location, business letterhead, business telephone, or the like;
 (b) Neither Plaintiff nor his co-employees had the independent use of his own special skill, knowledge, or training in execution of the work without supervision of the employer;
 (c) Plaintiff did not have a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis;
 (d) Plaintiff was paid a particular dollar amount per hour for the time he worked, regardless of a measured quantity of work performed;
 (e) Plaintiff was not allowed to use his own assistants;
 (f) Defendant told the Plaintiff when to arrive at work and he was told when work was finished.
6. Charles Herring, who also worked with Defendant, testified that he was a self-employed carpenter and that he considered himself an independent contractor. He testified that he did not have a written contract with Defendant and was paid by a 1099 like all of Defendant's employees. However, he went on to testify that Defendant paid him an hourly wage and told him when to arrive and leave the job.
7. Joshua Jacobs, Defendant's son, testified that he considered himself an employee of Defendant even though he was also paid hourly wages and received a 1099. He also testified that Defendant set their work hours.
8. The fact that Defendant paid his employees under a 1099 and did not take taxes out on them is not enough, in and of itself, to find Defendant's employees to be independent contractors. Employees did not control whether they were given a 1099 versus a W-2. The employees did their taxes based on a 1099 because that is what they were given and not because they considered themselves independent contractors.
9. Plaintiff testified that he didn't know what the difference between a W-2 and 1099 was and, when asked about filing a tax return that indicated he was self-employed, he stated that he did not know because his wife took care of that.
10. Wallace Jacobs testified that he told people when to show up for work, that his son kept up with their hours, and that he paid everyone by the hour. He also testified that he did not have a contract with any of the people who worked with him and that he told them what he expected them to do on the job.
11. Defendant has not submitted a Form 22 in this matter and the parties have not stipulated to an average weekly wage. Based on Plaintiff's 1099 from Defendant, Plaintiff had an average weekly wage of $371.84, yielding a compensation rate of $247.89.
12. Defendant had three or more employees on the date of Plaintiff's injury and was subject to the North Carolina Workers' Compensation Act. Defendant did not have workers' compensation insurance on that date.
13. Wallace Jacobs, as owner and sole proprietor of Jacobs Home Improvement, had the ability and authority to bring his business into compliance with the North Carolina Workers' Compensation Act.
14. Plaintiff underwent a posterior lumbar partial diskectomy at L4-L5 for a herniated nucleus pulposus at L4-L5 on April 21, 2003.
15. Plaintiff failed to put on any evidence regarding the time period he was out of work due to his compensable injury by accident. A May 21, 2003 note from Dr. Hucks-Folliss estimates that Plaintiff will be out of work for about six months.
16. Plaintiff did not offer any medical bills into evidence to show the amount of medical expenses incurred by Plaintiff.
17. Plaintiff did not offer any medical depositions or medical records into evidence regarding any impairment ratings that Plaintiff may have received for the injury and surgery to his back.
18. As Plaintiff has failed to enter any evidence into the record regarding Plaintiff's time out of work, medical costs, or impairment rating, the Full Commission is unable to calculate the value of the claim in order to determine the amount of penalty to be assessed against Defendant pursuant to N.C. Gen. Stat. §97-94(d).
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident to his back arising out of the course and scope of his employment on February 5, 2003. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is an employee pursuant to N.C. Gen. Stat. §97-2(2) and Defendant employed three or more employees on the date of Plaintiff's injury by accident. Therefore, the parties are subject to the Workers' Compensation Act. N.C. Gen. Stat. §97-3.
3. Plaintiff is entitled to have Defendant pay temporary total disability compensation for the period of time he was disabled due to his compensable injury by accident. N.C. Gen. Stat. §97-29.
4. Plaintiff is entitled to have Defendant pay for all medical expenses reasonably incurred as a result of Plaintiff's injury by accident as may be required to lessen the period of his disability, effect a cure, or give relief. N.C. Gen. Stat. §97-25.
5. Plaintiff is entitled to have Defendant pay for any permanent partial disability rating to his back pursuant to N.C. Gen. Stat. § 97-31(5).
6. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-94(b).
7. Any person who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, willfully fails to bring the employer in compliance, shall be guilty of a Class H felony. Any person who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, neglects to bring the employer in compliance, shall be guilty of a Class 1 misdemeanor. Any person who violates this subsection may be assessed a civil penalty by the Commission in an amount up to one hundred percent (100%) of the amount of any compensation due the employer's employees injured during the time the employer failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. §97-94(d).
8. Defendant had the ability and authority to bring his business into compliance with N.C. Gen. Stat. § 97-93 and may be assessed a penalty equal to 100% of the amount of compensation due Defendant's employees injured during the time Defendant failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. §97-94(d).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and Conclusions of Law, the Full Commission makes the following:
 AWARD
1. Defendant shall pay Plaintiff temporary total disability compensation for the period of time he was disabled due to his compensable injury by accident. This amount has accrued and shall be paid in a lump sum subject to the attorney's fee approved below.
2. Defendant shall pay all reasonably related medical expenses incurred by Plaintiff as a result of his compensable injury by accident.
3. Defendant shall pay Plaintiff for any permanent partial disability rating to his back, subject to the attorney's fee approved below.
4. Twenty-five percent of the compensation awarded Plaintiff under Paragraphs 1 and 3 of this Award is hereby approved as attorney's fees. This amount shall be deducted from the amount awarded to Plaintiff in Paragraphs 1 and 3 of this Award and shall be paid directly to Plaintiff's counsel.
5. Plaintiff's Counsel shall send a copy of this decision to all of Plaintiff's healthcare providers. The healthcare providers with outstanding bills in this matter shall not seek to obtain collection of these bills from Bobby McGee, Jr. Collection should be directed to Defendant Wallace Jacobs d/b/a Jacobs Home Improvement, whose mailing address is 13388 Hwy. 130 East, Fairmont, North Carolina 28340 according to the information in the Industrial Commission file. Failure to comply with this order by the healthcare providers and their collection agencies will result in the initiation of contempt proceedings against persons in violation of this order.
6. Pursuant to N.C. Gen. Stat. § 97-94(b), a penalty of fifty dollars ($50.00) per day is assessed against Defendant Wallace Jacobs d/b/a Jacobs Home Improvement for failing to secure workers' compensation insurance for 1 day, February 5, 2003. A check in the amount of $50.00 shall be made payable to the North Carolina Industrial Commission and sent directly to Carolyn Wall at the North Carolina Industrial Commission.
7. The penalties to be assessed against Wallace Jacobs pursuant to N.C. Gen. Stat. § 97-94(d) are held in abeyance pending the determination of the full amount of Plaintiff's claim.
8. Defendant shall pay the costs.
This the 31st day of May, 2006.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER